### THE STATE OF NEW JERSEY v. JOHN R. LONGO.

Argued February 14, 1946—Decided February 28, 1946.

Before Justices DONGES, HEHER and COLIE.

For the applicant, *George P. Moser.*

For the State of New Jersey, *Walter D. Van Riper* and *William W. Wimmer,* Deputy Attorney-General.

PER CURIAM.

William George, a resident and taxpayer of Jersey City in Hudson County, applies for a writ of *certiorari* to review an order of the Hudson County Court of Quarter Sessions granting a new trial in the case of State *v.* John R. Longo.

The status of Mr. George as a resident and taxpayer of Hudson County is sufficient to warrant this application by him. Furthermore, the importance of the question involved is such as, in the opinion of the court, to warrant the issuance of the writ on its own motion.

The power of the Court of Quarter Sessions to grant a new trial under the circumstances is, in our opinion, a fairly debatable question. Assuming the jurisdiction of the Court of Quarter Sessions to take the action which it did, there is a further question as to whether or not the evidence before the judge was sufficient to show that a fraud had been perpetrated on the trial court.

A corollary thereto, is the question as to the duty of the Prosecutor of the Pleas to disclose to the court that witnesses called by the state had at some previous time made statements conflicting with the testimony of such witnesses when testifying on the trial of the indictment, or that such witness had testified under oath before the grand jury differently from his testimony on the trial.

There is an additional question as to the scope and effect of *R. S.* 2:190–16 which purports to limit the time within which a new trial may be granted in a criminal case.

This statute has never been judicially passed upon by the courts of this state and we deem it important in the administration of criminal law that the force and effect of this statute be judicially construed.

The writ of *certiorari* is allowed with leave to both parties to take depositions on five days' notice. The writ shall stay all further proceedings in the cause until the further order of this court.